IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SIDNEY MARTS,

      Petitioner,

v.                                                                CASE NO. 4:14-cv-647-RH-GRJ

SECRETARY FLORIDA DEPARTMENT OF
CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, a state inmate incarcerated at Quincy Annex Correctional Institution, initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  Petitioner subsequently filed an amended petition, Doc. 17, which was served on Respondent.  The petition challenges the issuance of *per curiam* decisions by Florida state courts and Petitioner's prison disciplinary proceedings resulting in loss of gain time.  Respondent has filed a motion to dismiss the petition for frivolity and failure to exhaust state court remedies. Doc. 41.  Petitioner has filed a reply, Doc. 43, and the motion is now ripe for review.  For the following reasons, the undersigned recommends that the petition be dismissed.

### I. BACKGROUND

Petitioner was convicted of multiple offenses on September 3, 2008.  *State of Florida v. Marts*, First Judicial Circuit Case No. 2007-CF-6067.  (Doc. 41-7 at 1.)  The First District Court of Appeal ("First DCA") affirmed his conviction and sentence *per curiam*.  *Marts v. State of Florida*, 25 So.3d 1227 (Fla. 1st DCA 2009.)  Petitioner failed to

move for a rehearing or request a written opinion. (Doc. 41-6 at 5.)  The First DCA

issued its mandate on January 20, 2010.  *Id.*

Petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2254 on June

16, 2008, challenging his criminal conviction.  *Marts v. McNeil*, Case No. 3:08-cv-250-

RV-EMT (N.D. Fla. May 13, 2009)("*McNeil*").  The petition was dismissed without

prejudice to allow Petitioner to exhaust his state court remedies.  *Id.*

Petitioner filed another federal habeas petition pursuant to 28 U.S.C. § 2254 on

July 7, 2010, again challenging his criminal conviction.  *Marts v. Tucker*, 3:10-cv-240-LC-

EMT (N.D. Fla. May 17, 2012.)("*Tucker*").  Respondent responded to the petition and in

Petitioner's reply, he alleged that the state courts did not rule on the merits of his claims

because a *per curiam* affirmance is not an adjudication on the merits. (*Tucker*, Doc. 65.)

The Court denied the petition, stating that the First DCA's *per curiam* affirmance did not

render the review process ineffective or unavailable. (*Tucker*, Doc. 73.)

On January 14, 2013, Petitioner filed a federal habeas petition pursuant to 28

U.S.C. § 2254 challenging his criminal conviction.  *Marts v. Secretary, Florida*

*Department of Corrections*, Case No. 3:13-cv-25-MCR-EMT (N.D. Fla. July 25,

2013)("*Secretary*").  The Court advised Petitioner that to file a second or successive

petition, he must first obtain an order from the Eleventh Circuit that authorizes the district

court to consider the petition. (*Secretary*, Doc. 18.)  Petitioner responded that he was

permitted to file a successive petition because in *Tucker*, the Court failed to rule on a

double jeopardy argument he raised in his petition for writ of habeas corpus. (*Secretary*,

Doc. 19.)  The Court dismissed the petition for lack of subject matter jurisdiction because

it was successful, additionally pointing out that Petitioner never raised the double

jeopardy argument in his petition in *Tucker*. (*Secretary*, Doc. 20.)

Because of Petitioner's numerous filings for post-conviction relief in the First DCA

and Florida Supreme Court, in 2011, the First DCA barred Petitioner from filing further

motions or papers *pro se* with respect to his criminal conviction, case number 2007-CF-

6067.  The Court stated:

> "As such, because it is apparent that [P]etitioner's continued and repeated attacks
> on his conviction and sentence have become an abuse of the legal process, we
> hold that he is barred from future *pro se* filings in this court concerning Escambia
> County Circuit Court case number 2007-CF-6067...Petitioner is warned that any
> future filings which violate the terms of this opinion may result in a referral to the
> appropriate institution for disciplinary procedures as provided in section 994.279,
> Florida Statues (2010)."

*Marts v. State of Florida*, 59 So.3d 136 (Fla. 1st DCA 2011).  Petitioner then appealed

an order dismissing a civil complaint related to his criminal conviction and sentence, and

the court referred him to the Florida Department of Corrections ("FDOC") in April 2012

for disciplinary procedures, pursuant to Fla. Stat. § 944.279 (2010):

> "Marts' *pro se* appeal in this case is in violation of this court's previous order.  We
> find that Marts' continued practice of filing *pro se* pleadings in violation of this
> court's order to be frivolous.  Accordingly, we direct the clerk of court to forward a
> copy of this opinion to the appropriate institution for consideration of disciplinary
> procedures."

 *Marts v. Presnell*, 134 So.3d 979 (Fla. 1st DCA 2012).

As a result of the referral, Petitioner received a disciplinary report ("DR") on April

12, 2012 for filing a frivolous or malicious suit, action, claim proceeding or appeal, in

violation of Florida Administrative Code Rule 33-601.314 (9-32).  (Doc. 41-2 at 1.)

Petitioner received notice of the charge on April 17, 2012.  *Id.*  His disciplinary hearing

was held on April 20, 2012, and Petitioner was provided the opportunity to request staff assistance, to name witnesses in his defense, to submit a written witness statement of his version of events, and to request evidence in his defense. *Id.* Petitioner was found guilty of the DR and sentenced to thirty days of disciplinary confinement and lost thirty days of gain time. *Id.*

Petitioner filed two grievances pertaining to the disciplinary proceedings. The first, Grievance Log Number 12-6-13212 ("Grievance One") was filed on April 20, 2012 directly with the Department's Office of the Secretary as an "appeal." (Doc. 41-3 at 1.) Grievance One was returned without action on April 27, 2012 because it was not submitted in compliance with the inmate grievance procedure. (Doc. 41-3 at 3.) The Office of the Secretary disposed of Grievance One on May 1, 2012 by date-stamping it "mailed/filed with agency clerk." *Id.*

Petitioner submitted the next grievance, Grievance Log Number 12-6-15633 ("Grievance Two") to the Department's Office of the Secretary on May 9, 2012. (Doc. 41-4 at 1.) Grievance Two challenged the DR and the manner in which Grievance One was processed. *Id.* The Office of the Secretary returned Grievance Two without action on May 21, 2012 as an improper attempt to appeal a decision rendered by the Office of the Secretary. (Doc. 41-4 at 2.) The Office of the Secretary disposed of Grievance Two on May 23, 2012 by date-stamping it "mailed/filed with agency clerk." *Id.*

Counsel for Respondent represents that he can find no Florida circuit court case or district court case regarding the DR. Petitioner filed the instant petition on December 2, 2014.

## II. DISCUSSION

Because the petition challenges both the general policy of Florida courts to issue

*per curiam* decisions without a written opinion and the results of Petitioner's disciplinary

proceedings, the following discussion will address both of Petitioner's challenges.

**A.   Petitioner's challenge to *per curiam* judgments fails to present a cognizable constitutional claim, is unexhausted, and is time-barred.**

Petitioner's first ground in his petition for federal habeas relief is that *per curiam*

affirmances are not a judgment on the merits in criminal or civil cases. (Doc. 17.)  This

claim, however, is due to be dismissed for several reasons.  As discussed below, this

claim cannot constitute a cognizable claim for federal habeas relief, Petitioner has not

exhausted his state remedies, and to the extent Petitioner challenges his criminal

conviction through this claim, it is time-barred by the one year limitations period under

AEDPA.

**1. Petitioner fails to present a cognizable constitutional claim.**

In ground one of the petition, Petitioner alleges that "Florida courts through case

law and constitutional provisions adjudicates *per curiam* dispositions are not a

judg[]ment on merits in criminal or civil cases." (Doc. 17 at 5.)  He contends that no

remedy exists in the state of Florida to bring this claim.

Petitioner's challenge to the general practice of issuing *per curiam* decisions

without a written opinion by Florida state courts is a matter of state law that is not

cognizable as a form of federal habeas relief.  Although the petition attempts to couch

this claim in constitutional terms by intoning the phrase, due process, Petitioner is

actually asserting a ground that involves a state court's interpretation and application of Florida law.  *See, e.g., Branan v. Booth,* 861 F. 2d 1507, 1508 (11th Cir. 1988) ("Although petitioner alleges violations of federal law, it is clear that this petition is based exclusively on state law issues which were merely 'couched in terms of equal protection and due process.'") (citing *Willeford v. Estelle,* 538 F. 2d 1194, 1196-98 (5th Cir. 1976)). An issue of state law is not cognizable in a federal habeas action.  *See id.*, 28 U.S.C. § 2254(a).  As such, Petitioner cannot show that this claim provides a basis for federal habeas relief.

Furthermore, in this ground Petitioner does not expressly challenge a conviction or sentence.  Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  "[T]he common-law history of the writ, . . . the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  The only relief that can be gained in a habeas action is an immediate or speedier release from custody.  Accordingly, because Petitioner's challenge to the practice of issuing *per curiam* judgments does not implicate either his conviction or sentence, it is not a cognizable claim for federal habeas relief.

Additionally, to the extent Petitioner attempts to challenge his conviction or sentence by challenging *per curiam* decisions without opinion, his federal habeas petition is barred as successive.  Petitioner previously has filed three federal habeas

petitions challenging his conviction pursuant to 28 U.S.C. § 2254, the last of which was dismissed as successive.  *See McNeil*, *Tucker*, *Secretary*.  Petitioner has neither alleged nor demonstrated that he has received authorization from the Eleventh Circuit Court of Appeals to file a successive federal habeas petition challenging his criminal conviction. Thus, to the extent that Petitioner intends to challenge his criminal conviction, this Court lacks subject-matter jurisdiction to review the claim.

> **2.     Petitioner failed to exhaust state court remedies with respect to this claim.**

Petitioner has failed to exhaust his challenges to the First DCA's decision to issue a *per curiam* decision in his direct appeal, as required in a federal habeas proceeding. Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

Respondent argues that Petitioner had the ability to challenge the *per curiam* decision by the First DCA by moving for a rehearing, pursuant to Florida Rule of

Appellate Procedure 9.330(a).  The rule states in pertinent part:

> Rule 9.330.  Rehearing; Clarification; Certification
>
> When a decision is entered without opinion, and a party believes that a written opinion would provide a legitimate basis for Supreme Court review, the motion [for rehearing, clarification or certification] may include a request that the court issue a written opinion...

The record shows that Petitioner failed to file a motion for rehearing after the First DCA issued its *per curiam* decision affirming his direct appeal and sentence, and that he did not request the court to issue a written opinion.  (Doc. 41-6 at 5.)  Furthermore, Petitioner is now procedurally barred from requesting a written opinion.  Fla. R. App. P. 9.330(a) (stating that the motion must be filed within 15 days of the order or within such other time set by that court).  Therefore, Petitioner has failed to exhaust his state court remedies with respect to this claim, and the claim is procedurally defaulted.

Petitioner responds that Respondent's application of Fla. R. App. P. 9.330(a) is inapplicable because Respondent fails to produce a record that substantiates the *per curiam* dispositions in *Marts*, 25 So. 2d 1227, and because relying on the rule is an affirmative defense that must be pled with particularity and proven, among other contentions.  (Doc. 43 at 10-11.)  However, exhaustion of state court remedies is a prerequisite to filing a federal habeas petition, not an affirmative defense, and Petitioner's failure to exhaust his state court remedies precludes this claim from review.

3.   **To the extent Petitioner challenges his criminal conviction by challenging *per curiam* judgments, his claim is time-barred under AEDPA.**

In addition to the deficiencies detailed above, this petition was filed out of time to

challenge Petitioner's criminal conviction (to the extent that he attempts a challenge to his criminal conviction). In accordance with the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Section 2244 of Title 28, United States Code, provides a one-year time limitation period for a prisoner that wants to file a petition for writ of habeas corpus. This one-year period runs, *inter alia*, from the date that the conviction becomes final on direct review. 28 U.S.C. § 2244 (d)(1)(A). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The First DCA issued its mandate affirming Petitioner's criminal conviction and sentence on January 20, 2010. Petitioner filed this petition on December 2, 2014, which is well outside the one-year limitations period applicable to federal habeas petitions. Petitioner has made no showing that he is entitled to equitable tolling; thus, the claim should be dismissed as time-barred.

Although Petitioner states that he is "actual innocent" in his reply, Doc. 43 at 2, he provides nothing beyond this conclusional assertion to demonstrate his innocence, and does not present new, reliable evidence as required to bypass the one year limitations period imposed by AEDPA. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

**B.    Petitioner's challenge to his DR is unexhausted.**

In ground two of his petition, Petitioner challenges his April 2012 disciplinary proceedings, which resulted in thirty days of disciplinary confinement and thirty days loss of gain time. He contends that the disciplinary hearing did not establish a factual basis

for the loss of gain time.  Before filing the petition for federal habeas relief, however,

Petitioner failed to exhaust both his available administrative remedies and state court

remedies.  Therefore, this claim is due to be dismissed.

### 1.    Petitioner failed to exhaust his administrative remedies.

Inmates are required to exhaust available administrative remedies prior to

seeking relief in federal court.  *See* 42 U.S.C. § 1997e.  Petitioner's recourse to

challenge the DR was to properly exhaust his administrative grievances before

presenting the fully exhausted claim to the state court for its review.  However, he failed

to do so.

Exhausting available administrative remedies requires compliance with all the

steps that the agency provides within its grievance system.  *Woodford v. Ngo*, 548 U.S.

81, 90-91 (2006).  The Florida Department of Corrections provides a grievance

procedure for inmates who wish to challenge disciplinary proceedings.[1]

Although Petitioner submitted two grievances regarding his disciplinary

proceedings both grievances violated the proper inmate grievance procedure.  Petitioner

submitted Grievance One directly to the Office of the Secretary without attempting to file

a formal grievance at the institutional level, which rendered him unable to comply with

the requirement of attaching the institutional response to his grievance. (Doc. 41-3 at 1-

---

[1]The administrative remedy available to all inmates is the Department's three
step internal dispute resolution procedure described in Chapter 33-103, Florida
Administrative Code. The first step is an informal grievance raised within the institution
where the inmate is housed. Fla. Admin. Code R. 33-103.005. The next step is a formal
grievance directed to the warden or assistant warden of the institution. Fl. Admin. Code
R. 33-103.006.  The final step is an appeal to the Office of the Secretary of the
Department. Fla. Admin. Code R. 33-103.007.

3.)   Similarly, the Department returned Petitioner's Grievance Two without action because he failed to include the institutional response. (Doc. 41-4 at 1-2.)  Because he failed to comply with the grievance procedures, Petitioner did not properly exhaust his administrative remedies for his disciplinary proceedings; thus, this Court is unable to review the merits of this claim.

### (2) Petitioner failed to exhaust his state court remedies.

Even if Petitioner had exhausted properly his grievances through the Department of Corrections, it makes no difference because Petitioner also failed to exhaust his state court remedies before filing a federal habeas petition.  Exhaustion of available state court remedies is required before filing a federal habeas petition.  28 U.S.C. § 2254(b)(1), (c).  In Florida, a challenge to a prison disciplinary report must be filed as a petition for writ of mandamus in the Circuit Court in and for Leon County, Florida.  *See Bush v. State*, 945 So.2d 1207 (Fla. 2006).  Petitioner has not alleged that he challenged the prison disciplinary proceedings in state court, nor is there any record of such an action.

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted.  *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).  The time for filing an action challenging prison disciplinary proceedings is within thirty days after final disposition of the disciplinary proceedings through the inmate grievance process.  Fla. Stat. §95.11(8).  The Office of the Secretary mailed its denial of Grievance Two on May 23, 2012, which is the date of final disposition.  (Doc. 41-4 at 2.)

The thirty days to challenge the disciplinary proceedings in state court has long since expired, so this claim also is procedurally defaulted and is due to be dismissed.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus, Doc. 41, should be **GRANTED** and the petition for writ of habeas corpus, Doc. 17, should be **DISMISSED with prejudice**.

**IN CHAMBERS** at Gainesville, Florida, this 20th day of May 2015.

*s / Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.