**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

SIDNEY MARTS,

      Petitioner,

v.                           CASE NO.  4:14cv647-RH/GRJ

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER DISMISSING THE PETITION

By petition for writ of habeas corpus under 28 U.S.C. § 2254, Sidney Marts

challenges his state-court convictions (or at least the affirmance of those

convictions on direct appeal without issuance of an opinion) and his conviction of

a disciplinary infraction (and resulting denial of gain time) in the Florida

Department of Corrections.  The case is before the court on the magistrate judge's

report and recommendation, ECF No. 51, and the objections, ECF Nos. 60 & 64.  I

have reviewed de novo the issues raised by the objections.

      The report and recommendation is correct and is adopted as the opinion of

the court to the extent it addresses the grounds addressed in this order.

I

Mr. Marts's challenge to the Florida First District Court of Appeal's disposition of his direct appeal by affirmance without an opinion is barred on two grounds.

First, this is a second or successive § 2254 petition that could properly be brought only if authorized in advance by the United States Court of Appeals for the Eleventh Circuit. *See* 28 U.S.C. § 2244(b)(3). Mr. Marts's petition has not been so authorized, and he has not suggested any basis on which a second or successive petition properly *could* be authorized. *Id.* § 2244(b)(2).

 Second, Mr. Marts filed the petition long after expiration of the one-year statute of limitations. *See id.* § 2244(d).

This claim must be dismissed.

One other point regarding this claim deserves mention. The assertion that deciding a direct appeal without an opinion violates the Due Process Clause is a federal claim that, if timely asserted after exhaustion of state remedies, could properly be adjudicated on the merits in federal court. But the Due Process claim is unfounded. Issuing an opinion serves a purpose but is not constitutionally required.

## II

Mr. Marts's challenge to his disciplinary conviction and resulting denial of gain time is barred because he did not properly exhaust his state remedies. *See* 28 U.S.C. § 2254(b). This claim must be dismissed.

## III

Finally, Mr. Marts challenges the procedure followed in this court. He says the magistrate judge lacked authority to issue the report and recommendation. That is plainly incorrect. A district judge must make any dispositive ruling, as I have done in this order. But a magistrate judge may properly issue a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). That is what happened here.

## IV

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted. The clerk must enter judgment stating, "The petition is dismissed with prejudice." The clerk must close the file.

SO ORDERED on October 28, 2015.

s/Robert L. Hinkle_____
United States District Judge